IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL-DOUGLAS CELESTINE, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-2073-E-BN |
| JOHN DOE 1, ET AL., | § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Paul-Douglas Celestine filed a *pro se* complaint against the City of Rice, Texas, its police chief, its city secretary, and three of its police officers, seeking $500 million and the return of his property. *See* Dkt. No. 3.

And, because Celestine also moves for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 4, United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Celestine's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails

to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that

the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

Celestine alleges that he filed "this lawsuit for violation of civil rights" "[b]y the City of Rice police department" because of "racial profil[ing] and racial bias" and because his "[p]roperty was illegal seized, in violation of due process and civil rights." Dkt. No. 3 at 2 (cleaned up; further alleging that his "vehicle was illegally towed" to an "unknown destination" and, seemingly unrelated to his claim, making multiple references to maritime law).

Assertions of "racial profiling" or "racial bias" or that property was "illegally seized," in violation of the Constitution, are merely labels or legal conclusions, which the Court may not accept as true under the standards set out above. *See, e.g.*, *Armstrong*, 60 F.4th at 269; *see also Haywood v. Tex. Realtor*, No. 3:22-cv-2174-K-BT, 2023 WL 5597346, at *3 (N.D. Tex. Aug. 7, 2023) ("So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. And sovereign citizens often attempt to use their beliefs to,

among other things, extinguish debts. But sovereign citizen legal arguments and theories are not valid in the courts of the United States and have been overwhelmingly rejected for years as frivolous and indisputably meritless." (cleaned up)), *rec. accepted*, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023); *Watson v. Tex. State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam) ("[L]egal theories associated with the sovereign citizen movement" "involving admiralty law, copyright infringement, the Uniform Commercial Code, fictional personhood, and contractual interpretation of criminal laws" "are frivolous and entirely without merit.").

In sum, as filed, Celestine's complaint lacks "factual content that allows the [C]ourt to draw [a] reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. So the complaint should be dismissed.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Celestine an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Celestine fails to file timely objections that show a basis to amend, to allege a plausible claim – that is: one supported by "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 – the Court should dismiss this lawsuit with prejudice.

## Recommendation

Unless Plaintiff Paul-Douglas Celestine shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE